YEE & KAWASHIMA LLLP

JARED N. KAWASHIMA     6289
1000 Bishop Street, Suite 908
Honolulu, Hawaii 96813
Telephone: (808) 524-4501
Facsimile: (888) 524-0407
E-mail: jared@yklawhawaii.com

Attorneys for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND; <br><br>    Plaintiffs, <br><br>  vs. <br><br> CREATIVE PLUMBING INC., a Hawaii Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | CIVIL NO. _____ <br><br> COMPLAINT; SUMMONS <br><br> (Caption continued on next page) |

|  | ) |
| --- | --- |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

COME NOW Plaintiffs PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND, and for Complaint against Defendant above named, allege and aver as follows:

1. Plaintiffs are the Trustees of the PAMCAH-UA Local 675 Trust Funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, and Cooperation Fund (hereinafter collectively referred to as "Trust Funds"). Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2. Specifically, the Annuity fund is a money purchase pension plan and the Pension fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6.	At all times relevant herein, Defendant CREATIVE PLUMBING INC. ("Creative Plumbing" or "Defendant") was a Hawaii limited liability company doing business in the State of Hawaii.  At all material times Creative Plumbing was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

7.	Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds.  Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to

date. Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

8. On March 22, 2013, Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union") and Creative Plumbing executed an agreement wherein Creative Plumbing agreed to abide by a collective bargaining agreement then negotiated and subsequently negotiated between the Union and the Plumbing & Mechanical Contractors Association of Hawaii (referred to herein as the "Bargaining Agreement").

9. The Bargaining Agreement, and any and all amendments thereto, is incorporate by this reference.

10. Trust Funds are third party beneficiaries of the Bargaining Agreement and operate pursuant to the terms and conditions of trust agreements, which are referenced in the Bargaining Agreement and incorporated herein by this reference.

11.     Creative Plumbing agreed to be bound by all the terms of the Bargaining Agreement and various trust agreements and is specifically required to do the following:

  (a)     To submit for each month a consolidated transmittal report stating the names and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or if no such persons are employed, to submit a report so stating;

  (b)     To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable Bargaining Agreement or trust agreements;

  (c)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

  (d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not received by Plaintiffs or postmarked for a particular month prior to the 25th day of the month immediately following;

  (e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

  (f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions.

## COUNT I: TRANSMITTAL REPORTS

12.     Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

13.     By agreeing to abide by such Bargaining Agreement and the various trust agreements, Creative Plumbing promised to submit accurate consolidated transmittal reports each month identifying the number of hours worked for each employee covered by the Bargaining Agreement to the Trust Funds on or before the due dates specified in said Bargaining Agreement and trust agreements.

14.     Creative Plumbing failed to submit consolidated transmittal reports for the months of January through April 2023.

15.     Creative Plumbing's obligations to Trust Funds, pursuant to said Bargaining Agreement and trust agreements, to submit consolidated transmittal reports, are continuing obligations and Creative Plumbing additional months in which reports are delinquent may continue to increase up to the time of trial.

16.      Creative Plumbing's failure to transmit accurate reports in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

## COUNT II: CONTRIBUTIONS, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES AND COSTS

17. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

18. By agreeing to abide by such Bargaining Agreement, Creative Plumbing promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by Creative Plumbing's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreement.

19. By said Bargaining Agreement and 29 U.S.C. §1132(g), Creative Plumbing agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Creative Plumbing would pay to each trust fund liquidated damages in the amount of ten percent (10%) per annum, or interest under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages if the amount is greater than the above-mentioned liquidated damages.

20. Creative Plumbing failed to pay contributions due and owing for the month October 2022, based on hours reported, owes the Trust Funds no less than $1,160.00 in contributions for said month.

21. Creative Plumbing failed to pay liquidated damages due and owing on its accrued delinquency for the months including March 2021 through December 2022, and based on the accrued delinquency, owes the Trust Funds no less than $53,563.64 in liquidated damages.

22. Creative Plumbing's obligations to the Trust Funds, pursuant to said Bargaining Agreement and trust agreements, to make contributions, are continuing obligations and Creative Plumbing may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

23. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

24. By said Bargaining Agreement, Creative Plumbing further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Creative Plumbing, Creative Plumbing would pay all court and collection costs and reasonable attorney's fees of 25% from the total amount of contributions and damages due from Creative Plumbing.

25. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

26. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of
>
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

> (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

27. Creative Plumbing's failure to transmit its reports, full contribution payments, and accrued liquidated damages since March 2021 through present, despite demand, in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

WHEREFORE, Trust Funds pray as follows:

(1) That the Court order and compel Creative Plumbing to submit consolidated transmittal reports and contributions, in accordance with the Bargaining Agreement;

(2) That the Court order Creative Plumbing to permit the Trust Funds to audit Defendant's payroll books and records in accordance with the Bargaining Agreements;

(3) That the Court award the Trust Funds the amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been conducted, plus such other amounts as may be due and owing at the time of trial or proof;

(4)    That the Court order Defendant to submit all required reports due after the date the complaint is filed, and award the Trust Funds all unpaid contributions and liquidated damages that continue to accrue until entry of judgment;

(5)    For judgment against Creative Plumbing for outstanding trust fund contributions and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs; and

(6)    Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, June 6, 2023.

　　　　　　　　　　　　　　　　　　/s/ Jared N. Kawashima
　　　　　　　　　　　　　　　　　　JARED N. KAWASHIMA
　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs