IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND, PAMCAH-UA LOCAL 675 ANNUITY FUND, PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND, PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND, PAMCAH-UA LOCAL 675 TRAINING FUND, PAMCAH-UA LOCAL 675 COOPERATION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>CREATIVE PLUMBING, INC., a HAWAII CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10,<br><br>Defendants. | CIV. NO. 23-00241 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT CREATIVE PLUMBING INC. |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT CREATIVE PLUMBING INC.**

Plaintiffs' *Motion for Entry of Default Judgment Against Defendant Creative Plumbing Inc.* ("Motion") (ECF No. 11), filed on September 20, 2023, came on for a telephonic hearing on November 2, 2023 before the Honorable Rom A. Trader.

Attorney Jared N. Kawashima appeared on behalf of Plaintiffs. Defendant Creative Plumbing, Inc. ("Defendant") did not appear.

This Findings and Recommendation clarifies and supersedes the Court's November 2, 2023 minutes. After careful consideration of the *Motion*, record in this case, and applicable law, the Court **FINDS** and **RECOMMENDS** that the *Motion* be **GRANTED** with a reduction to the attorneys' fees requested. The Court **FINDS** and **RECOMMENDS** that Plaintiffs be awarded a total of $64,810.27 for $1,160.00 in delinquent contributions and $62,573.09 in liquidated damages, and $1,077.18 in attorneys' fees and costs.

## BACKGROUND

Plaintiffs commenced this case on June 6, 2023 against the Defendant. ECF No. 1. "Plaintiffs are the Trustees of the PAMCAH-UA Local 675 Trust Funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, and Cooperation Fund [(collectively 'Trust Funds")]. Plaintiffs are fiduciaries with respect to the Trust Funds[.]" *Id*. at PageID.2. Plaintiffs bring this action under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980. *Id.* at 3.

On March 22, 2013, the Defendant entered into a written agreement that the Defendant would abide by a collective bargaining agreement ("Bargaining

Agreement"). *Id*. at 5. The Trust Funds are third party beneficiaries of the Bargaining Agreement and also abide by the terms and conditions of the Bargaining Agreement. *Id.* at 6. The Bargaining Agreement requires that the Defendant submit monthly reports and pay Plaintiffs monthly certain amounts for employee benefits and administrative fees for work performed by Defendant's covered employees. *Id.* at 7. The Defendant is required to make payments on or before specified due dates and if these specified deadlines are not met, the Defendant agreed to pay liquidated damages or interest, whichever is greater, on any unpaid contributions. *Id.* at 8. Plaintiffs allege that the Defendant failed to submit monthly reports and payments for the months including March 2021 through December 2022. *Id*. at 9.

      Plaintiffs timely served the *Summons* and *Complaint* on the Defendant on June 8, 2023. ECF No. 7. The Defendant failed to answer or respond to the *Complaint*. On July 31, 2023, Plaintiffs filed their *Request for Entry of Default Against [the Defendant]*. ECF No. 8. The Clerk of Court entered default against the Defendant in favor of Plaintiffs on August 1, 2023. ECF No. 9. On September 20, 2023, Plaintiffs filed the instant *Motion*. ECF No. 11. The Defendant did not file a response or opposition. The hearing on the *Motion* was held on November 2, 2023. ECF No. 14.

## **DISCUSSION**

Plaintiffs request for the entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Rule 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). The district court has the discretion to grant or deny an application for default judgment. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986). However, the Court must first determine whether it has subject matter jurisdiction over this action and personal jurisdiction over the Defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

A.  Jurisdiction

This action has been brought under federal question jurisdiction. The Court has subject matter jurisdiction over Plaintiffs' claims regarding unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. *See* 29 U.S.C. 1132 & 1145. Further, this Court has personal jurisdiction over the Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" within the jurisdiction. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing

*Burnham v. Superior Court of Cal.*, 495 U.S. 604 (1990)). The record reflects that service was made on Defendant through its designated agent on June 8, 2023. ECF No. 7. The *Complaint* alleges that Defendant is a Hawaii limited liability company doing business in the State of Hawaii. ECF No. 1 at ¶ 6. This Court thus has personal jurisdiction over Defendant.

B.   Eitel Factors

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1)-(2). However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, courts consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72 (citation omitted).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

Under the first factor, the Court considers whether the Plaintiffs would suffer prejudice if default is not entered.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  The Defendant failed to answer the *Complaint* and has not appeared in this action.  Without the entry of default judgment, the Plaintiffs would be without recourse for recovery and thus, the first factor weighs in favor of default judgment.

Under the second and third factor, for purposes of liability, the Court must view the factual allegations in the *Complaint* as true.  *TeleVideo Sys., Inc.*, 826 F.2d at 917-18 (citation omitted).  Plaintiffs commenced this *Complaint* against the Defendant for unpaid contributions and liquidated damages pursuant to a collective bargaining agreement ("Bargaining Agreement") and various trust agreements (collectively "Agreements").  ECF No. 1 at PageID.5-6.  Pursuant to the Agreements, the Defendant had agreed to submit monthly reports regarding the hours worked by each covered employee and the contribution amount owed, to pay monthly contribution amounts owed, to make available all payroll books and records for the purpose of auditing, to compensate Plaintiffs in the form of

liquidated damages for administrative costs and burdens imposed by delinquent or untimely payments, to pay all costs incurred by Plaintiffs in auditing Defendant's records should it be determined the Defendant was delinquent in reporting, and to pay Plaintiffs' reasonable attorneys' fees and costs incurred to require Defendants' compliance with these requirements. *Id*. at 6.  Plaintiffs allege that the Defendant failed to submit monthly reports and failed to pay contributions and liquidated damages owed for the months including March 2021 through December 2022. *Id*. at 8-9.  Based on these allegations, the Court finds that Plaintiff's substantive claims are meritorious and that the allegations in the *Complaint* are sufficiently pled.  Accordingly, the second and third factors favor default judgment.

Under the fourth factor, the sum of money at stake, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Plaintiffs seek $1,160.00 in delinquent contributions and $62,573.09 in liquidated damages.  ECF No. 11-1 at PageID.44-45.  These amounts are calculated based on the amounts owed pursuant to the Agreements and are thus tailored to Defendant's wrongful conduct.  This factor thus favors a finding of default judgment.

Under the fifth and sixth factors, the Defendant has done nothing to dispute the Plaintiffs' allegations and failed to respond to the *Complaint*.  There is no

evidence suggesting that Defendant's default was the result of excusable neglect. The Court finds that the fifth and sixth factors weigh in favor of default judgment.

All factors weigh in favor of default judgment except the seventh factor, which considers the policy favoring decisions on the merits and weighs against default judgment. However, this last factor does not outweigh the six other factors favoring default judgment. Accordingly, the Court **FINDS** that Plaintiffs should be awarded default judgment against the Defendant.

C. <u>Damages</u>

Plaintiffs seek 1,160.00 in delinquent contributions, $62,573.09 in liquidated damages, and $1,569.33 in attorney's fees and costs. ECF No. 11-1 at PageID.44-45. Plaintiffs allege that the Defendant failed to make contribution payments for the period of March 2021 through April 2023. *Id*. Plaintiffs have submitted a summary of the contributions they allege are delinquent and the liquidated damages for this time period, and have generally explained the figures in the summary. *See* ECF No. 11-6 at PageID.155. In doing so, Plaintiffs have explained that the liquidated damages were calculated according to the Agreements and are 10% of the outstanding contributions due. ECF No. 11-1 at PageID.43. Plaintiffs explain that the large disparity between the delinquent contributions and liquidated damages is because the Defendant made partial contribution payments after the due date for the payment, which reduces the outstanding contribution amount, but does

not reduce the balance of the amount of liquidated damages. *Id.* Based on the information and argument provided in the *Motion*, the Court thus finds that the delinquent contributions and liquidated damages sought are appropriate.

D. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and §1145. Further, the Defendant greed to pay reasonable attorneys' fees and costs in the event Plaintiffs must litigate to enforce payment of contributions. *See* ECF No. 11-1 at PageID.44. However, the Court must evaluate the attorneys' fees and costs requested to determine whether they are reasonable and should be awarded.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors in *Kerr*, which have not been subsumed in the lodestar calculation. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). There is a strong presumption that the lodestar amount

calculated is reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *Fischer*, 214 F.3d at 1119 n.4.

The Court first turns to the hourly rate requested. Plaintiffs request the hourly rates of $275.00 for work performed by a partner at Plaintiffs' counsel's law firm, $225.00 for work performed by an attorney,[1] and $95.00 per hour for work performed by their paralegal.[2] ECF No. 11-3 at PageID.51. The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of reasonably comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (citation omitted); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The relevant community is the forum in which the district court sits, which in this case is the District of Hawaii. *See Camacho v. Bridgeport Financial, Inc.*,

---

[1] The timekeeping records submitted as Exhibit "D" to the *Motion* indicates that Plaintiffs are requesting fees for a timekeeper identified as "A1". ECF No. 11-7 at PageID.157. However, the *Declaration of Jared N. Kawashima* ("Kawashima Declaration.") submitted in support of the requested fees does not provide any information about this timekeeper. ECF No. 11-3.

[2] The timekeeping records submitted in support of Plaintiffs' attorneys' fees requests indicate that the fees requested in the *Motion* were calculated based upon the rate of $105.00 per hour for Plaintiff's paralegal. ECF No. 11-7 at PageID.157. However, the *Declaration of Jared N. Kawashima* ("Declaration"), which was made in support of the fees requested indicates that the paralegal's rate is $95.00. ECF No. 11-3 at PageID.51. The Court considers only the hourly rate requested in the *Declaration* and shall calculate the total fees awarded based on such rate.

10

523 F.3d 973, 979 (9th Cir. 2008).  Based on this Court's knowledge of the prevailing rates in the legal community for work performed in similar cases, the Court finds that the hourly rates requested for Plaintiffs' attorneys and paralegal are well within the rates the Court considers reasonable.  *See Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)) ("District Courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'").

The Court next turns to whether the hours of work performed are reasonable. The Court has carefully reviewed the timesheet submitted by Plaintiffs, which has been filed as Exhibit "D" to the *Motion*.  ECF No. 11-7 at PageID.157.  While the sum total of hours requested are reasonable for the type of case and nature of the work performed by Plaintiffs' attorneys to recover Plaintiffs' damages, this Court may not award hours for clerical work performed.  The following tasks and related activities are considered clerical and non-compensable:

> [R]eviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

*OneWest Bank, FSB v. Farrar*, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326590, at *1 (D. Haw. Mar. 10, 2014), *report and recommendation adopted as modified*, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citation omitted).  In this case, the Court finds the following timekeeping clerical and reduces each entry as follows:

| Timekeeper | Date | Hours Requested | Hours Reduced | Description |
|---|---|---|---|---|
| Michele Sauer | 9/16/2022 | 0.2 | 0.2 | Transmit demand letter to Creative Plumbing; Email same to E. Liu. |
| Michele Sauer | 6/6/2023 | 1.5 | 1.5 | Final and file Complaint; Download same and related documents; Transmit courtesy copies to Court; Email same to JNK; research on DCCA re Creative Plumbing; Draft Proof of Service; Prepare and transmit complaint and related documents to be served on Creative Plumbing. |
| Michele Sauer | 6/8/2023 | 0.2 | 0.2 | File and download Proof of Service; Email check request to JNK re payment of invoice. |
| Michele Sauer | 7/31/2023 | 0.4 | 0.4 | Final and file Request for Entry of Default; Download same. |
| Michele Sauer | 8/1/2023 | 0.2 | 0.2 | Download Entry of Default; Transmit copies to Creative Plumbing |

Similarly, this Court may not award attorneys' fees when the description provided is insufficient to determine whether the hourly rate for an attorney is reasonable.  The timekeeping records indicate that there is a timekeeper, identified as "A1," who performed work, but Plaintiffs fail to provide any information about whether this timekeeper is an attorney or paralegal.  *See* ECF No. 11-7 at PageID.157.  Further, Plaintiffs failed to provide the Court with any information regarding the skill, experience and reputation of this timekeeper.  "It is the responsibility of the attorney seeking fees to submit evidence to support the

requested hourly rate." *Roberts*, 938 F.3d at 1024 (citing *Henlsey*, 461 U.S. at 433). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). *See also Camacho*, 523 F.3d at 980 ("'To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation'"). The Court thus reduces the hours requested for work performed by timekeeper "A1" as follows:

| Timekeeper | Date | Hours Requested | Hours Reduced | Description |
|---|---|---|---|---|
| A1 | 4/9/2020 | 0.5 | 0.5 | draft demand letter, emails with Nicole re same |
| A1 | 9/15/2022 | 0.3 | 0.3 | Email from Erinn Liu re sending demand letter, draft demand letter and send draft to Ms. Liu for review |
| A1 | 9/16/2022 | 0.1 | 0.1 | Review Erinn's revisions to letter and transmit to MS for mailing |

The Court also notes that a few entries made by Plaintiffs' attorneys are block-billed, but when viewed collectively, the time spent on these tasks are reasonable and thus, the Court does not find a need to reduce any of the block-billed time.

13

After the reduction for clerical work, the total amount of attorneys' fees is $542.50 and excise tax on the fees is $25.56 ($542.50 x 4.712%). The total amount of attorneys' fees and GET is $568.06. Plaintiffs also request costs in the amount of $509.12.[3] The Court has reviewed the itemized list of costs and finds that the costs requested are reasonable. *See* ECF No. 11-7 at PageID.157.

## CONCLUSION

Based on the foregoing, the Court **FINDS** and **RECOMMENDS** that the *Motion* be **GRANTED** as follows:

1. Plaintiffs' request for default judgment against Defendant be **GRANTED**;

2. Plaintiffs be awarded $1,160.00 for delinquent contributions and $62,573.09 in liquidated damages;

3. Plaintiffs be awarded $568.06 in attorneys' fees and GET; and

4. Plaintiffs be awarded costs in the amount of $509.12.

//

//

//

//

//

---

[3] Plaintiffs request costs in the amount of $18.11 and advances in the amount of $491.01. ECF No. 11-1 at PageID.44. Upon reviewing Exhibit "D" to the *Motion*, the "advances" requested are compensable costs. ECF No. 11-7 at PageID.157.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 12, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00241 JMS-RT; *PAMCAH-UA Local 675 Pension Fund, et al. vs. Creative Plumbing, Inc., a Hawaii Corporation*; Findings and Recommendation to Grant Plaintiffs' Motion for Entry of Default Judgment Against Defendant Creative Plumbing, Inc.